WILLIAM WILSON, Appellant, v. THE TOWN OF CANEADEA, Respondent.

*Proceedings for bonding towns — chap. 907 of 1869, and chap. 925 of 1871 — what the petition must show — a jurisdictional defect may be insisted upon in a collateral action.*

In proceedings for the bounding of towns, under chapter 907 of 1869, as amended by chapter 925 of 1871, the application to the judge must be made by a majority of the tax-payers of the town, exclusive of those taxed for dogs or highway tax only, and such fact must appear by the petition, in order to give jurisdiction to the county judge.

Where the petition fails to show these facts, the defect, being a jurisdictional one and patent on the record, may be set up as a defence to an action by a purchaser, in good faith, of bonds issued in such proceedings.

Appeal from a judgment in favor of the defendant, entered on a decision made at the Allegany Circuit, on the trial of this action by the court, without a jury.

The action was brought upon the interest coupons of certain bonds, purporting to have been issued by the defendant in aid of the construction of the Belmont and Buffalo railroad.

The petition, upon which the proceedings in which said bonds were issued were instituted, was as follows:

To the County Judge of the County of Allegany, in the State of New York:

The petition of the undersigned respectfully states: That your petitioners are a majority of the taxpayers of the municipal corporation in said State, known as the town of Caneadea, county of Allegany, in the State of New York, whose names appear upon the last preceding tax-list or assessment-roll of said corporation as owning or representing a majority of the taxable property in the corporate limits of said corporation. That your petitioners represent a majority of all the taxable property in said corporate limits appearing on said last preceding tax-list or assessment-roll of said corporation. That your petitioners desire that said municipal corporation shall create and issue its bonds to the amount of $40,000, and invest the same, or the proceeds thereof, in the stock of the railroad company in said State, known as the Bel-

mont and Buffalo Railroad Company, pursuant to the provisions of chapter 907 of. the Laws of the State of New York, passed May 18th, 1869.

Dated at CANEADEA, *February .20th*, 1871.

*C. N. Flenagui*, for the appellant.

*Hamilton Ward*, for the respondent.

SMITH, J.:

The petition by which the proceedings were instituted, in which the bonds in question purport to have been issued, was presented to the county judge of Allegany, on June 20, 1871. It set forth that the petitioners were a majority of the tax-payers of the town whose names appeared upon the last preceding tax-list or assessment-roll of the town, as owning or representing a majority of the taxable property in the corporate limits of the town. The only statute then in force, which gave the county judge jurisdiction to entertain proceedings of that nature, was chapter 907 of the Laws of 1869, as amended by chapter 925 of the Laws of 1871, which latter chapter took effect May 12, 1871. Under the latter chapter, it was requisite that the application to the judge should be made by a majority of the tax-payers of the town, exclusive of those taxed for dogs or highway tax only, and that the petition should set forth that the petitioners were such majority. (§ 1.) Under the original act of 1869, before the amendment, it was enough that the petition was made by a majority of all the tax-payers of the town, without regard to the nature of the tax. The petition in this case and the subsequent proceedings were evidently intended to conform to the original act. But the petition was clearly defective under the act of 1871, and the defect went to the jurisdiction of the judge, and the whole proceeding was *coram non judice* and void. This very point was decided by the Court of Appeals in the case of *The People ex rel. Green* v. *Smith* (55 N. Y., 135). That was a *certiorari* to the judge to review the proceeding.

Although the question comes up collaterally in this action, yet, as it is one of jurisdiction, and the defect is patent on the record,

the proceedings must be held void, even as against a holder for value of the bonds issued by the commissioners appointed by the judge in those proceedings. As the judge was without jurisdiction, the commissioners had no authority to bind the town, and the holder of the bonds is chargeable with notice of the want of jurisdiction apparent on the record.

The case was decided, at Special Term, in accordance with these views, and the judgment should be affirmed, with costs.

MULLIN, P. J., and TALCOTT, J., concurred.

Judgment affirmed, with costs.